UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GENWORTH LIFE INSURANCE COMPANY,  <br><br>  Plaintiff,  <br><br> v.  <br><br> MARIJO KENT; BRIAN KENT; BRAD KENT; JENNIFER KENT; KEVIN KENT; ANGELA KENT; and JASON KENT,  <br><br>  Defendants. | Case No. 4:24-cv-4043  <br><br><br><br> GENWORTH LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER |

Plaintiff Genworth Life Insurance Company ("Genworth"), by its attorneys, Justin G. Smith and Jacquelyn A. Bouwman of Woods, Fuller, Shultz & Smith P.C., states as follows for its Complaint for Interpleader:

**PARTIES**

1. Genworth is an insurance company duly organized and existing under the laws of Virginia, with its principal place of business located in Virginia, and is a citizen of the State of Virginia pursuant to 28 U.S.C. § 1332(c)(1), and not the states of Arizona, South Dakota, Kentucky, or Florida.

2. Marijo Kent is an individual and a citizen, resident, and domiciliary of Mesa, Arizona.

3. Brian Kent is an individual and a citizen, resident, and domiciliary of Sioux Falls, South Dakota.

4. Brad Kent is an individual and a citizen, resident, and domiciliary of Louisville, Kentucky.

5. Jennifer Kent is an individual and a citizen, resident, and domiciliary of Orlando, Florida.

6. Kevin Kent is an individual and a citizen, resident, and domiciliary of Sioux Falls, South Dakota

7. Angela Kent is an individual and a citizen, resident, and domiciliary of Spearfish, South Dakota

8. Jason Kent is an individual and a citizen, resident, and domiciliary of Wellton, Arizona.

## JURISDICTION AND VENUE

9. This is an action in interpleader brought pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 concerning the rights and obligations of the parties pursuant to a term life insurance policy, designated Policy No. 0000145920, issued by Genworth Life Insurance Company, on the life of Eugne P. Kent, in the amount of $100,000. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are of diverse citizenship and the amount at issue is in excess of $75,000, excluding interests and costs. The Court also has jurisdiction over this matter under 28 U.S.C. § 1335 because diversity of citizenship exists between at least two of the Defendants and the amount at issue is in excess of $500.

10. Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action and one or more of the Defendants resides in this Judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is also proper in this Judicial District under 28 U.S.C. § 1397 in that this is a civil action in interpleader and one or more of the claimants resides in this Judicial District.

## CLAIM FOR RELIEF IN INTERPLEADER

11. Genworth's predecessor, General Electric Capital Assurance Company, issued Policy No. 0000145920 to Eugene P. Kent, as Owner, on the life of Eugene P. Kent as Insured, with a Face Amount of $100,000, and a Date of Issue of June 28, 2005 (the "Policy"). *See* the Policy, a redacted copy of which is attached hereto and incorporated herein as Exhibit 1.

12. At the time of issue, Marijo Kent, spouse, was the designated primary beneficiary for the Policy and the contingent beneficiary was "Equally to children." *See* Ex. 1.

13. On January 1, 2006, General Electric Capital Assurance Company changed its name to Genworth Life Insurance Company.

14. In or about 2015, Eugene Kent and Marijo Kent divorced.

15. On July 15, 2023, Genworth received a digitally-signed Beneficiary designation request for life insurance policies form naming Brian P. Kent, 100%, the primary beneficiary under the Policy. *See* Beneficiary designation request for life insurance policies form dated July 15, 2023, a redacted copy of which is attached hereto and incorporated herein as Exhibit 2.

16. On July 16, 2023, Genworth received a digitally-signed Beneficiary designation request for life insurance policies form naming Brian P. Kent, 50%, and Jason Kent, 50%, the primary beneficiaries under the Policy. *See* Beneficiary designation request for life insurance policies form dated July 16, 2023, a redacted copy of which is attached hereto and incorporated herein as Exhibit 3.

17. On August 29, 2023, Genworth received a digitally-signed Beneficiary designation request for life insurance policies form naming Brian P. Kent, 100%, the primary beneficiary under the Policy. *See* Beneficiary designation request for life insurance policies form dated August 29, 2023, a redacted copy of which is attached hereto and incorporated herein as Exhibit 4.

18. On January 5, 2024, Eugene P. Kent died.

19. On January 16, 2024, Genworth received a telephone call from Brian Kent who asked to make a claim under the Policy.

20. On January 17, 2024, Genworth received an email from Jennifer Kent expressing concern over the final beneficiary designation in Brian Kent's favor and stating that, before the divorce, Eugene P. Kent would have wanted Marijo Kent to receive the Policy's death benefit. Jennifer Kent also stated that, after the divorce, Eugene P. Kent would have wanted the death benefit to be divided equally among his 6 children. *See* January 17, 2024 email from Jennifer Kent to Genworth, a redacted copy of which is attached hereto and incorporated herein as Exhibit 5.

21. On January 29, 2024, Genworth received an email from Brad Kent stating that Brian Kent fraudulently made himself the beneficiary of the Policy and that Eugene P. Kent would have wanted Marijo Kent to receive the Policy's death benefit. Brad Kent also stated that Eugene P. Kent would not have been able to make a beneficiary change in August 2023 due to his health. *See* January 29, 2024 email from Brad Kent to Genworth, a copy of which is attached hereto and incorporated herein as Exhibit 6.

22. On January 31, 2024, Genworth received an email from Jennifer Kent stating that she did not believe Eugene P. Kent made the beneficiary change to Brian Kent and that Eugene P. Kent would have wanted the money to go to Marijo Kent or be divided equally among the 6 children. *See* January 31, 2024 email from Jennifer Kent to Genworth, a redacted copy of which is attached hereto and incorporated herein as Exhibit 7.

23. Genworth has been unable to determine whether the July 15, 2023, July 16, 2023, or August 29, 2023 beneficiary changes were made by Eugene P. Kent or with his authority. The

potential thus exists that the July 15, 2023, July 16, 2023, and August 29, 2023 beneficiary changes were fraudulently made.

24. South Dakota law provides as follows:

(b) Except as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce, or annulment, the divorce or annulment of a marriage:

> (1) Revokes any revocable (i) disposition or appointment of property made by a divorced individual to a former spouse in a governing instrument and any disposition or appointment created by law or in a governing instrument to a relative of the divorced individual's former spouse, (ii) provision in a governing instrument conferring a general or nongeneral power of appointment on the divorced individual's former spouse or on a relative of the divorced individual's former spouse, and (iii) nomination in a governing instrument, nominating a divorced individual's former spouse or a relative of the divorced individual's former spouse to serve in any fiduciary or representative capacity, including a personal representative, executor, trustee, conservator, agent, or guardian; and

> (2) Severs the interests of the former spouses in property held by them at the time of the divorce or annulment as joint tenants with the right of survivorship, transforming the interests of the former spouses into tenancies in common.

SDCL § 29A-2-804(b).

25. In light of S.D. Codified Laws § 29A-2-804(b), the potential exists that South Dakota law could revoke the Policy's initial beneficiary designation in Marijo Kent's favor.

26. Marijo Kent, Brian Kent, Brad Kent, Jennifer Kent, Kevin Kent, Angela Kent, and Jason Kent have actual or potential claims to the Policy's proceeds.

27. The actual and potential claims to the Policy's proceeds which have been or could be asserted by Marijo Kent, Brian Kent, Brad Kent, Jennifer Kent, Kevin Kent, Angela Kent, and Jason Kent are adverse to and conflict with each other.

28.     By reason of these actual and potential adverse and conflicting claims, Genworth is unable to discharge its admitted liability under the Policy without exposing itself to multiple litigation, liability, or both.

29.     Genworth is indifferent as to which of the claimants is entitled to the Policy's proceeds and is only interested in paying and discharging its admitted liability under the Policy once; however, it has been unable to do so by reason of the actual and potential adverse and conflicting claims of the Defendants and thus files this Complaint for Interpleader.

30.     Contemporaneous with the filing of this Complaint for Interpleader, Genworth will bring a motion for leave to deposit with the Clerk of the Court its admitted liability under the Policy.

**WHEREFORE**, Genworth Life Insurance Company prays this Honorable Court enter an order or orders granting it the following relief:

A. Granting Genworth Life Insurance Company leave to deposit the Policy's proceeds with this Honorable Court, or with the Clerk of this Court at the Court's direction, subject to further Order of this Court;

B. Enjoining Marijo Kent, Brian Kent, Brad Kent, Jennifer Kent, Kevin Kent, Angela Kent, and Jason Kent, and any person or entity claiming by or through any of them, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Genworth Life Insurance Company in any state or federal court or other forum with respect to proceeds payable under the terms of Policy No. 0000145920, or on account of the death of Eugene P. Kent, the Insured, and that said injunction issue without bond or surety;

C. Granting judgment to Genworth Life Insurance Company with the finding that it has no further liability to Marijo Kent, Brian Kent, Brad Kent, Jennifer Kent, Kevin Kent, Angela Kent, or Jason Kent, or to any person or entity claiming by or through any of them, for the proceeds payable under the terms of Policy No. 0000145920, or on account of the death of Eugene P. Kent;

D. Entering an Order finding that Genworth Life Insurance Company has acted in good faith by interpleading the proceeds of Policy No. 0000145920 and depositing its admitted liability with the Clerk of the Court;

E. Entering judgment in favor of Genworth Life Insurance Company, and against Marijo Kent, Brian Kent, Brad Kent, Jennifer Kent, Kevin Kent, Angela Kent, and Jason Kent, and any person or entity claiming by or through any of them, on its Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

F. Excusing and dismissing Genworth Life Insurance Company from further attendance on this cause with prejudice and ordering the adverse and potentially adverse claimants, Marijo Kent, Brian Kent, Brad Kent, Jennifer Kent, Kevin Kent, Angela Kent, and Jason Kent, to litigate their claims and contentions to the proceeds of Policy No. 0000145920, without further involving Genworth Life Insurance Company;

G. Awarding Genworth Life Insurance Company its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court or its Clerk; and

H. Granting Genworth Life Insurance Company such further and other relief as this Court deems just and appropriate.

Dated this 8th day of March, 2024.

WOODS, FULLER, SHULTZ & SMITH, P.C.

By  /s/ Jacquelyn A. Bouwman
    Justin G. Smith
    Jacquelyn A. Bouwman
    P.O. Box 5027
    300 South Phillips Avenue, Suite 300
    Sioux Falls, SD 57117-5027
    Phone (605) 336-3890
    Fax (605) 339-3357
    Justin.Smith@woodsfuller.com
    Jacquelyn.Bouwman@woodsfuller.com
    *Attorneys for Plaintiffs*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GENWORTH LIFE INSURANCE COMPANY

### DEFENDANTS
MARIJO KENT; BRIAN KENT; BRAD KENT; JENNIFER KENT; KEVIN KENT; ANGELA KENT; and JASON KENT

**(b)** County of Residence of First Listed Plaintiff: Campbell County, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Maricopa County, AZ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Justin G. Smith, Jacquelyn Bouwman, Woods, Fuller, Shultz & Smith, P.C., 300 S. Phillips Ave., Suite 300, Sioux Falls, SD 57104
Justin.smith@woodsfuller.com; jacquelyn.bouwman@woodsfuller.com
605-336-3890

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332 and 1335

Brief description of cause:
Interpleader suit under 28 U.S.C. Section 1335 and Fed. R. Civ. P. 22

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Interpleader

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____